NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SUPER 8 WORLDWIDE, INC., formerly known as SUPER 8 MOTELS, INC., a South Dakota Corporation,<br><br>Plaintiff,<br>v.<br><br>SAIRAM CORPORATION, an Ohio Corporation; and DINESH PATEL, an individual,<br><br>Defendants. | Civil Action No. 13-6161 (ES)<br><br>MEMORANDUM OPINION & ORDER |

**SALAS, DISTRICT JUDGE**

This action comes before the Court on the motion of Plaintiff Super 8 Worldwide, Inc., formerly known as Super 8 Motels, Inc., a South Dakota Corporation ("Plaintiff" or "SWI") for entry of a permanent injunction and final judgment by default against Defendants, Sairam Corporation and Dinesh Patel (collectively, "Defendants"), pursuant to Federal R. Civ. P. 55(b)(2) (*See* D.E. No. 11-1). The Court, having considered Plaintiff's submissions, and it appearing that:

1. On October 17, 2013, Plaintiff commenced the instant civil action, claiming that Defendants, Sairam Corporation and Dinesh Patel, breached the franchise agreement contract that the parties entered into on July 7, 1997. (D.E. No. 1, Complaint ("Compl.") ¶ 34).

2. On October 24, 2013, Defendants were served with a copy of the Summons and Verified Complaint. (D.E. No. 5).

3. The time for answering or otherwise responding to the Verified Complaint expired, and Defendants have neither been granted an extension of time within which to answer, nor interposed an answer or otherwise responded to the Complaint.

4. On November 27, 2013, Plaintiff sent the Clerk of Court a letter requesting that default be entered against Defendants. (*See* D.E. No. 6). The same day, the Clerk of Court entered default as to Defendants for their failure to plead or otherwise defend this action. (*See* D.E. dated November 27, 2013).

5. On December 2, 2013, Plaintiff served a copy of the Clerk's Entry of Default upon Defendants. (D.E. No. 11-1, Ex. A).

6. On January 24, 2014, Plaintiff filed its motion seeking entry of permanent injunction and final judgment by default pursuant to Fed. R. Civ. P. 55(b)(2). (D.E. No. 11).

7. "A consequence of the entry of [default] is that the factual allegations of the complaint . . . will be taken as true." *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990).

8. "Before granting a default judgment, the Court must determine (1) whether there is sufficient proof of service, (2) whether a sufficient cause of action was stated, and (3) whether default judgment is proper." *Teamsters Health & Welfare Fund of Phila. & Vicinity v. Dubin Paper Co.*, No. 11-7137, 2012 WL 3018062, at *2 (D.N.J. July 24, 2012) (internal citations omitted).

9. First, the Court finds that there has been sufficient proof of service because Defendants were personally served. (D.E. No. 5).

10. Second, the Court finds that there has been a sufficient cause of action stated. In New

Jersey, a plaintiff must allege three elements to state a cause of action for breach of contract: (1) a valid contract, (2) breach of that contract, and (3) damages resulting from that breach. *Ramada Worldwide Inc. v. Courtney Hotels USA, LLC*, No. 11-896, 2012 WL 924385, at *3 (D.N.J. Mar. 19, 2012). Here, Plaintiff has alleged: (1) that there was a contractual relationship based on the Franchise Agreement and Defendant's personal guaranties, (Compl. ¶ 18); (2) that Defendants breached the contract when they failed to remit required payments, (*Id.* ¶ 34); and (3) that Plaintiff suffered resulting damages in the amount of $277,091.49 (D.E. No. 11-2, Affidavit of Suzanne Fenimore in Support of Entry of Permanent Injunction and Final Judgment by Default, ("Fenimore Aff.") ¶¶ 40, 47-50). Therefore, Plaintiff has sufficiently alleged a cause of action for breach of contract.

11. Third, to determine whether granting default judgment is proper, the Court must make factual findings "as to (1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." *Doug Brady, Inc., v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008). Here, the Court finds that: first, absent any responsive pleadings from Defendants, meritorious defenses do not appear to be available to them. Second, the Court finds that Plaintiff "will suffer prejudice if the Court does not enter default judgment as Plaintiff has no other means of seeking damages for the harm caused by Defendant[s]." *Gowan v. Cont'l Airlines, Inc.*, No. 10-1858, 2012 WL 2838924, at *2 (D.N.J. July 9, 2012). Finally, Defendants have been served with notice of this action but have failed to participate properly.

Moreover, Defendants are culpable because they are not infants or otherwise incompetent nor are they presently engaged in the military service of the United States. (D.E. No. 11-1, Certification of Bryan P. Couch ("Couch Cert.") ¶¶ 13-14).

12. Thus, the Court finds that the three elements of *Teamsters Health & Welfare Fund* have been established here.

13. Plaintiff has alleged contractual damages in the amount of **$277,091.49**. (Fenimore Aff. ¶ 52). This amount includes $158,825.10 in charges that became due or were due at the time the franchise agreement was terminated (i.e., recurring fees, principal plus interest), as well as, $68,982.40 for liquidated damages (principal plus interest) (*Id.* ¶¶ 47-48); $44,452.50 for Lanham Act Damages (infringement damages for Defendants' use of Super 8® Marks). (*Id.* ¶¶ 49-50).

14. Plaintiff also alleges **$3,900** in attorneys' fees and **$931.49** in costs of suit. (Couch Cert. ¶¶ 9, 11).

15. Plaintiff also seeks a permanent injunction against Defendants, restraining them from continuing to market, promote and rent rooms through the unauthorized use of the Super 8® Marks. (Compl. ¶ 56). For the Court to grant injunctive relief to prevent further violation of Plaintiff's mark, Plaintiff must show that "(1) the Court's exercise of equity jurisdiction is proper, (2) the Plaintiff succeeded on the merits, and (3) the balance of equities tips in favor of injunctive relief." *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 539 (D.N.J. 2008) (citing *TKR Cable Co. v. Cable City Corp.,* No. 96-2877, 1998 WL 34028782, at *5 (D.N.J. Jan.27, 1998)). To demonstrate the Court's proper exercise of equity jurisdiction, Plaintiff must show

      that (1) he/she has no adequate legal remedy, (2) the threatened injury is real and (3) no equitable defenses exist. (*Id*.).

16. Here, the Court finds that permanent injunctive relief is warranted. First, the Court's exercise of equity jurisdiction is proper because due to the extent of Defendant's trademark infringement and potential for future violations, this Court finds that a legal remedy is not adequate in providing Plaintiff with relief and that an injunction is necessary as an effective remedy. *See TKR Cable Co.*, 1998 WL 34028782, at *5. And, Plaintiff has demonstrated that the threatened injury is real and that no equitable defense exists for Defendants. Second, the Court finds that Plaintiff succeeds on the merits because unchallenged facts show that Defendants have violated the Lanham Act through unauthorized use of Plaintiff's marks. Finally, because Defendants' on-going acts of infringement have and will continue to harm Plaintiff, the balance of equities weighs in favor of granting injunctive relief.

Accordingly, IT IS on this 4th day of September 2014,

**ORDERED** that Plaintiff's motion for final default judgment is GRANTED, and it is further **ORDERED** that judgment is hereby entered jointly and severally against Sairam Corporation & Dinesh Patel in favor of SWI in the total amount of $277,091.49, and it is further **ORDERED** that Plaintiff's motion for permanent injunction is GRANTED; and it is further **ORDERED** that the Clerk of the Court shall close this matter.

                                      *s/Esther Salas*
                                      **Esther Salas, U.S.D.J.**